# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1608V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
PAUL PELLEGRINO, as parent and      *
Natural guardian of A.P., a minor,  *       Chief Special Master Corcoran
                                    *
            Petitioner,             *       Filed:  March 10, 2026
                                    *
        v.                          *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 23, 2021, Paul Pellegrino, on behalf of his minor child, A.P., filed this petition under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner originally alleged that A.P. experienced oligoarticular juvenile rheumatoid arthritis due to receipt of diphtheria-tetanus-acellular pertussis and haemophilus b vaccines on July 26, 2018, with aggravation of her arthritis after receipt of hepatitis A and influenza ("flu") vaccines on November 1, 2018. Petitioner later restricted his causation theory to the contention that the flu vaccine was

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the cause of A.P.'s injury. I dismissed the claim after briefing, and that determination was not appealed. Decision, dated July 25, 2025 (ECF No. 60).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 15, 2025 (ECF No. 63) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $83,920.65 in attorney's fees and costs ($57,821.20 in fees, plus $26,099.45 in costs) for the work of attorney Richard Gage (who appeared for Petitioner after the matter was initiated *pro se*) and his colleagues. Mot. at 7. The requested costs include Petitioner's personal unreimbursed costs, which are discussed in greater detail below. Respondent reacted to the fees request on October 27, 2025. *See* Response, dated Oct. 27, 2025 (ECF. No. 64) ("Resp"). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Resp. at 2, 5. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$81,120.65**.

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful (and was in certain respects thin in nature, given the evidence of pre-vaccination onset), I find there was sufficient objective basis to entitle him to a fees and costs award. The parties and their experts agreed that A.P. was properly diagnosed with oligoarticular JIA, and there was also record evidence of a degree of symptoms worsening in the weeks post-vaccination. In addition, counsel's appearance in the matter helped Petitioner pursue a claim that would otherwise have been difficult to mount without professional assistance, and that work merits compensation. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Richard Gage (Attorney)** | $362.00 | $393.00 | $422.00 | $441.00 | $450.00 |
| **Kristen Blume (Attorney)** | -- | $386.00 | -- | -- | -- |
| **Paralegals** | $130.00 | $141.00 | $152.00 | $159.00 | $162.00 |

Mot. at 28–35, 37, 39–50.

Mr. Gage practices in Cheyenne, Wyoming, and has been awarded what are technically non-forum rates, but which are by this time well-accepted as proper for the work he performs. *See Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701 (Fed. Cl. Spec. Mstr. May 20, 2016). The rates requested for Mr. Gage and his colleagues are also consistent with what has previously been awarded for their work in other cases, in accordance with the Office of Special Masters' fee schedule. [5] *Henley v. Sec'y of Health & Hum. Servs.*, No. 16-499V, 2025 WL 2043218 (Fed. Cl. Spec. Mstr. June 20, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 10, 2026).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $22,897.45 in outstanding costs, including medical record retrieval costs, copying costs, and costs associated with the work of one expert, M. Eric Gershwin, M.D. Mot. at 52. Dr. Gershwin prepared three written reports in the matter, and submitted invoices reflecting a total amount of $21,750.00 (43.5 hours of work billed at $500.00 per hour).[6] *Id.* at 52, 55–60. The total amount charged was largely reasonable for the work performed, and I do not find any reason to make reductions (although the reports were not especially persuasive in content). The same is true for the other litigation-related costs. Thus, all requested costs in this matter shall be awarded in full without reduction.

Petitioner further requests $3,202.00 in outstanding costs, including the filing fee as well as fees he claims were associated with legal work he personally performed prior to retaining counsel in the matter. Mot. at 63. The filing fee is a typical cost in Program cases and will therefore be awarded in full, but the second category of fees requires more analysis.

The Program does not award attorney's fees to *pro se* parties for their time and effort prosecuting a Vaccine Act claim. *Brauer v. Sec'y of Health & Hum. Servs.*, No. 12-189V, 2013 WL 2254862, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2013) (holding that pro se petitioner was not entitled to be reimbursed for expending her own time in pursuit of her petition). Petitioner also never formally appeared in the matter, despite indicating that he is a licensed attorney in North Carolina, and thus cannot justify a fees award based on his own professional activity. Therefore, this category of personal costs is not awarded (the total sum of **$2,800.00**).

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. Petitioner is awarded the total amount of **$81,120.65**, reflecting (a) $80,718.65 in attorney's fees and costs; and (b) $402.00 in Petitioner's unreimbursed litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

---

[6] Dr. Gershwin submitted three separate invoices in the matter, each time receiving a payment of $5,000.00 labeled as a "retainer" fee. *See* Mot. at 56, 58, 60.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master